# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**808**

**CA 11-01863**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

MARCIA G. BRYNDLE, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

JOSEPH J. KNAB, DEFENDANT-APPELLANT,
AND THOMAS E. KNAPP, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (DANIEL J. GURASCI OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 18, 2011 in a personal injury action. The order, among other things, granted the motion of defendant Thomas E. Knapp for summary judgment seeking dismissal of the complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle driven by defendant Joseph J. Knab rear-ended the vehicle driven by plaintiff, causing plaintiff's vehicle to make contact with the vehicle driven by defendant Thomas E. Knapp. At the time of the accident, plaintiff was attempting to turn into a driveway that served as the entrance and exit to a parking lot. Knapp was attempting to exit the parking lot using the same driveway. According to plaintiff, she was unable to turn into the driveway because Knapp's vehicle was in the center of the driveway, whereupon the vehicle driven by Knab rear-ended plaintiff's vehicle while plaintiff was either coasting or had fully stopped.

We conclude that Supreme Court properly granted the motion of Knapp for summary judgment seeking, inter alia, dismissal of the complaint against him, but our reasoning differs from that of the court. Knapp established as a matter of law that he was not negligent, and both plaintiff and Knab failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557,

562).  "The fact that [Knapp] positioned his motor vehicle in the middle of the driveway does not raise a triable issue of fact as to whether the accident was caused by negligence on his part" (*Bous v Fahey*, 250 AD2d 638).

Entered:  June 29, 2012                                    Frances E. Cafarell
                                                          Clerk of the Court